Jan Alan Brody, Esq.
Christopher J. Buggy, Esq.
**CARELLA, BYRNE, CECCHI,
  OLSTEIN, BRODY & AGNELLO**
5 Becker Farm Road
Roseland, New Jersey 07068
Tel. (973) 994-1700
Fax (973) 994-1744
jbrody@carellabyrne.com
cbuggy@carellabyrne.com

**ROSS & ORENSTEIN LLC**
John B. Orenstein (*pro hac vice* motion forthcoming)
222 South Ninth Street, Suite 470
Minneapolis, MN 55402
Telephone:  (612) 436-9802
Fax:     (612) 436-9819

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Internaational Stones India Pvt. Ltd.,<br><br>　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>Elite Stone Importers, LLC,<br><br>　　　　　　　Defendant. | Civil Action No.:<br><br><br>**COMPLAINT** |

Plaintiff Internaational Stones India Pvt. Ltd. ("Internaational Stones"), by its undersigned attorneys, for its Complaint against Defendant Elite Stone Importers, LLC ("Elite") alleges, as more particularly set forth below:

### PARTIES

1. Plaintiff Internaational Stones is organized under the laws of India as a

private limited company, with its registered office and principal place of business in India.

2.Defendant Elite is a New Jersey limited liability company, with its principal place of business at 45 Park Road, Tinton Falls, New Jersey.  On information and belief, the members of Elite are citizens of States of the United States.

## JURISDICTION AND VENUE

3.This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332(a), because the amount in controversy exceeds $75,000 and this is a civil action between a citizen of a State and a citizen or subject of a foreign state.

4.Venue is proper in this District under 28 U.S.C. § 1391(b). The Defendant resides in this District, and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## SUBSTANTIVE ALLEGATIONS

5.This Complaint is brought seeking payment for goods sold by Plaintiff to Defendant. Defendant submitted a series of purchase orders to Plaintiff for granite and marble slabs, and Plaintiff exported the granite and marble slabs to Defendant. Defendant took delivery of and accepted the granite and marble slabs.

6.Between September 5, 2017 and June 8, 2018, Plaintiff issued eight invoices to Defendant for stone slabs that Defendant purchased from Plaintiff, totaling $130,318.14. The slabs were exported from India to Defendant, which accepted delivery of the slabs.

7. Defendant paid $10,000, which was applied to the first invoice in the amount of $14,561.24. Defendant has made no other payments on this or any of the subsequent invoices, despite Plaintiff's demands for payment. In light of and in resolution of quality issues raised by Defendant regarding one shipment, the related invoice of $16,268.89 (the fourth of the eight invoices) was discounted by $2,004.50. However, even at the discounted amount, this invoice was not paid.

8. The total owed by Defendant thus is $118,313.64. Defendant has acknowledged that this amount is due and owing but nevertheless has failed to pay.

### COUNT ONE
### Book Account

9. The preceding paragraphs of the Complaint are incorporated as if stated fully herein.

10. There is due and owing to Plaintiff from Defendant the sum of $118,313.64 on a certain book account.

11. Plaintiff has demanded that the balance be paid in full but Defendant has not paid same.

12. The sum of $118,313.64 is due and unpaid despite Plaintiff's demand for payment, plus any applicable prejudgment interest.

### COUNT TWO
### Account Adopted

13. The preceding paragraphs of the Complaint are incorporated as if stated fully herein.

14. There is due and owing to Plaintiff from Defendant the sum of $118,313.64

on a certain account stated, agreed to, adopted and/or acquiesced by Defendant.

15. The sum of $118,313.64 is due and unpaid despite Plaintiff's demand for payment, plus any applicable prejudgment interest.

## COUNT THREE
### Breach of Contract

16. The preceding paragraphs of the Complaint are incorporated as if stated fully herein.

17. The parties entered into a series of sales contracts in which Defendant agreed to purchase granite slabs from Plaintiff.

18. Plaintiff has performed all of its obligations to Defendant, but Defendant breached the sales contracts by failing to make the agreed payments.

19. Plaintiff suffered damages by Defendant's breach in the sum of $118,313.64, plus any applicable prejudgment interest.

## COUNT FOUR
### Promissory Estoppel

20. The preceding paragraphs of the Complaint are incorporated as if stated fully herein.

21. At Defendant's request, Plaintiff delivered stone slabs of which an unpaid balance remains of $118,313.64.

22. The $118,313.64 unpaid balance represents a fair and reasonable value of the construction material delivered by Plaintiff at Defendant's request.

23. The sum of $118,313.64 is due and unpaid despite Plaintiff's demand for payment, plus any applicable prejudgment interest.

## COUNT FIVE
## Unjust Enrichment

24. The preceding paragraphs of the Complaint are incorporated as if stated fully herein.

25. As a direct and proximate result of Defendant's conduct, Defendant has been unjustly enriched and will continue to be unjustly enriched at Plaintiff's expense, in the amount of $118,313.64, plus any applicable prejudgment interest.

## COUNT SIX
## Conversion

26. The preceding paragraphs of the Complaint are incorporated as if stated fully herein.

27. Defendant's conduct as aforesaid constitutes common law conversion, as well as statutory conversion, under N.J.S.A. 12A:3-419.

28. As a direct and proximate result of Defendant's conversion, Plaintiff sustained substantial damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests an Order and Judgment from the Court as follows:

1. Determining that Defendant has failed to pay amounts due and owing to Plaintiff and has breached its contracts with Plaintiff and awarding Plaintiff compensatory damages, rescission, or rescissory damages in an amount to be determined at trial, including pre-judgment interest, attorneys' fees, and costs; and

2. Granting Plaintiff such further and other relief as the Court deems just and necessary.

                                      **CARELLA, BYRNE, CECCHI,**
                                      **OLSTEIN, BRODY & AGNELLO, P.C.**

Dated: August 27, 2018            By:  /s/ Jan Alan Brody
                                              JAN ALAN BRODY
                                              CHRISTOPHER J. BUGGY
                                              5 Becker Farm Road
                                              Roseland, New Jersey 07068
                                              Tel. (973) 994-1700
                                              Fax (973) 994-1744
                                              jbrody@carellabyrne.com
                                              cbuggy@carellabyrne.com

                                              **ROSS & ORENSTEIN LLC**
                                              John B. Orenstein (*pro hac vice* motion forthcoming)
                                              222 South Ninth Street, Suite 470
                                              Minneapolis, MN 55402
                                              Telephone: (612) 436-9802
                                              Fax:  (612) 436-9819

                                              *Attorneys for Plaintiff*

## **CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2 & 40.1**

On behalf of Plaintiff Internaational Stones India Pvt. Ltd., I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court in this jurisdiction, or of any pending arbitration or administrative proceeding.


Dated: August 27, 2018                             /s/ Jan Alan Brody
                                                                                 JAN ALAN BRODY